```
 1
 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
 3                      SOUTHWESTERN DIVISION

 4  UNITED STATES OF AMERICA,     ) Case No. 17-05013-01-CR-SW-BP
                                  )
 5            Plaintiff,          ) Springfield, Missouri
                                  ) May 21, 2018
 6  v.                            )
                                  )
 7  GARY STEWART,                 )
                                  )
 8            Defendant.          )
    _____)
 9
              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10              BEFORE THE HONORABLE DAVID P. RUSH
                  UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:         Mr. James J. Kelleher
13                             Assistant United States Attorney
                               901 St. Louis St., Ste. 500
14                             Springfield, MO  65806
                               (417) 831-4406
15
    For the Defendant:         Mr. Adam D. Woody
16                             2121 S. Eastgate Ave.
                               Springfield, MO  65809
17                             (417) 720-4800

18  Court Audio Operator:      Ms. Karla Berziel

19  Transcribed by:            Rapid Transcript
                               Lissa C. Whittaker
20                             1001 West 65th Street
                               Kansas City, MO  64113
21                             (816) 914-3613

22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

(Court in Session at 11:02 a.m.)

THE COURT: Calling in *United States vs. Gary Stewart*. The defendant appears in person along with his attorney, Mr. Adam Woody. The United States appears by Assistant United States Attorney, Mr. Jim Kelleher. This matter is set this morning for a change of plea to Count One of the Indictment which was returned against the defendant on April 6th of 2017. This plea is pursuant to a written Plea Agreement. Mr. Stewart, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the Government establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be -- to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after understanding the charges against you, the range of punishment, if convicted, and your right to appear before a

1  District Judge, if you wish, you may waive or give up that right
2  and proceed this morning before the Magistrate Judge.  As I
3  indicated, you have signed such a consent.  Do you understand
4  that you have a right to appear before a United States District
5  Judge, a judge of higher jurisdiction, for these proceedings?
6         MR. STEWART:  Yes, sir, I do.
7         THE COURT:  And is it your desire to give up that right
8  and proceed this morning before the Magistrate Judge?
9         MR. STEWART:  Yes, sir.
10        THE COURT:  Mr. Stewart, do you understand the charge
11 against you in Count One of the Indictment in this case?
12        MR. STEWART:  Yes, sir, I do.
13        THE COURT:  Do you understand that if convicted of the
14 charge in Count One, that the minimum penalty the court may
15 impose is not less than 15 years imprisonment, while the maximum
16 penalty the court may impose is not more than 30 years
17 imprisonment, not more than a $250,000 fine, not less than five
18 years supervised release or not more than life supervised
19 release, an order of restitution, and a $100 mandatory special
20 assessment?
21        MR. STEWART:  Yes, sir, I do.
22        THE COURT:  To the charge in Count One, how do you wish
23 to plead, guilty or not guilty?
24        MR. STEWART:  I plead guilty.
25        THE COURT:  Would you please raise your right hand?

GARY STEWART, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to force you to plead guilty or get you to give up any of the other rights we've discussed?

MR. STEWART: No, sir.

THE COURT: You've signed a Plea Agreement. Have you read that Plea Agreement and gone over it with Mr. Woody?

MR. STEWART: Yes, sir.

THE COURT: And do you understand what's in it?

MR. STEWART: Yes, sir.

THE COURT: Other than what is contained in the Plea Agreement, has anyone made any promise of any kind to induce you or overcome your will to get you to plead guilty or give up any of the other rights we've discussed?

MR. STEWART: No, sir.

THE COURT: I mentioned to you that there was a supervised release term of not less than five years or not more than life supervised released that could be imposed in your case. Do you understand that if that term were imposed and then revoked for any reason, that you could be required to serve an additional term of imprisonment of not more than three years unless the provisions of 18 U.S.C. Section 3583(k) supersede Section 3583(e)(3) in which case the Court must impose a sentence of not less than five years, and if that happened under either scenario, you would receive no credit for any other time you had spent

1  either in custody or on release?
2      MR. STEWART:  I understand.
3      THE COURT:  And do you understand that the District
4  Court could then impose an additional term of supervised release,
5  which is governed by the maximum of the statute, minus any time
6  you'd spent in custody as a result of a violation?
7      MR. STEWART:  Yes, sir.
8      THE COURT:  Do you understand that by pleading guilty to
9  Count One of the Indictment you will be required under the Sex
10 Offender Registration and Notification Act to register as a sex
11 offender and keep the registration current in each of the
12 following jurisdictions: where you reside, where you are
13 employed, and where you are a student?
14     MR. STEWART:  Yes, sir.
15     THE COURT:  Do you understand that from a sentence
16 imposed in your case that there is no parole?
17     MR. STEWART:  Yes, sir.
18     THE COURT:  Do you understand that there are Sentencing
19 Guidelines to which the District Court or sentencing court would
20 refer to in an advisory capacity when attempting to fashion a
21 reasonable sentence in your case?
22     MR. STEWART:  Yes, sir.
23     THE COURT:  There are guideline calculations in your
24 Plea Agreement.  Have you discussed the guidelines with your
25 attorney?

1     MR. STEWART:  Yes, sir.

2     THE COURT:  And do you understand them?

3     MR. STEWART:  Yes, sir, I do.

4     THE COURT:  Do you understand that the final decision as
5  to how the guidelines are calculated and ultimately what sentence
6  will be imposed rests with the District Judge?

7     MR. STEWART:  Yes, sir.

8     THE COURT:  If the District Judge would calculate the
9  guidelines differently from what is in the Plea Agreement, from
10 what you've discussed with your attorney, that fact would not
11 give you the right to withdraw or change your plea of guilty.  Do
12 you understand that?

13    MR. STEWART:  Yes, sir.

14    THE COURT:  Once the District Judge establishes the
15 advisory guideline range, in some circumstances, you could be
16 sentenced above that range and, in other circumstances, you could
17 be sentenced below that range.  And again, the judge's decision,
18 if you disagreed, would not give you the right to withdraw your
19 plea of guilty.  Do you understand that?

20    MR. STEWART:  Yes, sir.

21    THE COURT:  Now, Mr. Stewart, you have a right to a
22 trial by jury with all the protections that I explained to you at
23 the beginning of these proceedings.  Do you understand your right
24 to a trial by jury?

25    MR. STEWART:  Yes, sir.

```
 1              THE COURT:  And do you understand that if the court
 2  accepts your plea of guilty that there won't be a trial?
 3              MR. STEWART:  Yes, sir.
 4              THE COURT:  I'm going to ask you about the offense
 5  charged in Count One of the Indictment.  I would remind you that
 6  you are under oath.  You must answer truthfully.  Any false
 7  answers could result in charges of false swearing or perjury.
 8  You always have the right to remain silent.  And I want to refer
 9  you to your plea bargain agreement, to page 2, Paragraph 3 or
10  Section 3, which is entitled in bold **Factual Basis for Guilty**
11  **Plea**.  That takes up the entirety of page 3 and then is on a
12  brief portion of the top of page 3.  Have you read Paragraph 3
13  and gone over it with Mr. Woody?
14              MR. STEWART:  Yes, sir, I have.
15              THE COURT:  Are the statements contained in Section 3
16  true?
17              MR. STEWART:  Yes, sir.
18              THE COURT:  Mr. Woody, you've had access to the
19  Government's discovery file in this case, have you not?
20              MR. WOODY:  Yes, Your Honor.
21              THE COURT:  And based upon your review of the discovery
22  file are you satisfied, if put to proof, that the United States
23  could make a submissible case as to all the elements pertaining
24  to Count One of the Indictment as set forth in Section 3 of the
25  Plea Agreement?
```

1  MR. WOODY: Yes, sir.

2  THE COURT: There is an adequate factual basis for the
3  plea of guilty to Count One. I find that the plea is voluntary
4  and did not result from force, threats or promises other than
5  those set forth in the Plea Agreement. Mr. Stewart, you are
6  represented in this case by Mr. Woody. Have you had enough time
7  to talk with him about your case?

8  MR. STEWART: Yes, sir, I have.

9  THE COURT: Are you satisfied with the advice that he's
10  given you?

11  MR. STEWART: Yeah, I'm very satisfied.

12  THE COURT: The law requires me to ask you if this
13  morning you are on any medication prescribed by a physician or
14  any drugs or alcohol of any kind which would affect your ability
15  to understand these proceedings?

16  MR. STEWART: No, sir.

17  THE COURT: The plea bargain agreement that you've
18  signed also contains what we refer to as an appeal waiver. And I
19  want to refer you back again to your plea bargain agreement, this
20  time to page 10, the top of page 10 is Paragraph 15 which is
21  entitled in bold **Waiver of Appellate and Post-Conviction Rights**.
22  Have you read Paragraph 15 and gone over it with Mr. Woody?

23  MR. STEWART: Yes, I have.

24  THE COURT: And do you understand that by signing this
25  Plea Agreement that you've given up those rights to appeal as set

1  forth in Paragraph 15?

2  　　　　　MR. STEWART:  Yes, sir.

3  　　　　　THE COURT:  Understanding that and the other matters
4  that we've discussed this morning, is it your desire for the
5  court to accept the plea of guilty?

6  　　　　　MR. STEWART:  Yes, sir.

7  　　　　　THE COURT:  Mr. Kelleher, on behalf of the United
8  States, do you have any other record under Rule 11 that you think
9  I need to make?

10 　　　　　MR. KELLEHER:  No, Your Honor.  Thank you.

11 　　　　　THE COURT:  Mr. Woody, on behalf of the defendant, do
12 you have any other record under Rule 11 that you think I need to
13 make?

14 　　　　　MR. WOODY:  No, Your Honor.

15 　　　　　THE COURT:  I will recommend the plea of guilty be
16 accepted and I will order a Presentence Investigation to be
17 conducted by the Probation Office.  With that, we'll be in
18 recess.  Thank you.

19 　　　　　　　　　(Court Adjourned at 11:11 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker     May 29, 2018
Signature of transcriber          Date